UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **JAMES S. TAYLOR,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 07-B-0111-J |
| | } | |
| **MICHAEL J. ASTRUE,**[1] | } | |
| **Commissioner, Social Security** | } | |
| **Administration,** | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

Currently before the court is the Motion of the Commissioner of the Social Security Administration ("Commissioner") to Remand this action for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 5.)[2] Plaintiff does not oppose the Motion to Remand. (Doc. 6.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's Motion is due to be granted.

Sentence six of 42 U.S.C. § 405(g) provides as follows:

> . . . The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner . . .

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as the defendant in this suit by operation of law.

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

42 U.S.C.A. § 405(g). The Commissioner contends that good cause for remand exists in the instant case because the administrative record is incomplete. Specifically, the recording of Plaintiff's June 7, 2005 hearing before an Administrative Law Judge is partially or totally blank and, thus, no transcript of such hearing has been or can be made.

The joint conference committee of Congress addressed this very situation in reporting upon the Social Security Disability Amendments of 1980. P.L. 96-265, Social Security Disability Amendments of 1980, H.R. Conf. Rep. No. 944, 96th Cong., 2d Sess. 1980, 1980 U.S.C.C.A.N. 1392. The committee stated its intention that, in some cases, procedural difficulties, such as an inaudible hearing tape or a lost file, would necessitate a request for remand by the Commissioner and would, therefore, constitute "good cause" for remand under Sentence Six of 42 U.S.C. § 405(g). *Id*. The committee stated:

> . . . The conferees have been informed that there are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the courts may review under [42 U.S.C. § 405(g)].

*Id*.

The court finds that "good cause" exists for an administrative remand to the Commissioner, under Sentence Six of 42 U.S.C. § 405(g), for the purpose of conducting a *de novo* hearing. The Commissioner shall conduct these proceedings as soon as is

practicable and, at their conclusion, file with the court his additional or modified findings of fact as provided in § 405(g).  The court, therefore, will retain jurisdiction until that time.

   **DONE** this 1st day of July, 2008.

                              /s/ Sharon Lovelace Blackburn
                              SHARON  LOVELACE  BLACKBURN
                              CHIEF UNITED STATES DISTRICT JUDGE